# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00172-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Debra Berry, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on January 29, 2018. (ECF No. 1.) She also filed a motion to proceed in forma pauperis. (ECF No. 2.) On February 5, 2018, Plaintiff's motion to proceed in forma pauperis was denied without prejudice because it did not include sufficient information for the Court to determine if she is entitled to proceed without prepayment of fees in this action. (ECF No. 3.) She was ordered to either submit the application to proceed in forma pauperis provided to her or pay the filing fee within thirty days of service of the order. (ECF No. 3.) Plaintiff has not filed the application, paid the filing fee, or otherwise responded to the order.

## I.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to either file the application to proceed in forma pauperis that was provided to her or pay the filing fee within thirty days of service of the February 5, 2018 order. In the order, Plaintiff was advised that failure to comply with the order would result in dismissal of the action without prejudice. (ECF No. 3 at 2.) More than thirty days from the date of service of the order have passed and Plaintiff has not filed the application to proceed in forma pauperis, paid the filing fee in this action, or otherwise responded to the Court's order. Plaintiff has failed to comply with the order requiring her to pay the filing fee or demonstrate that she is eligible to proceed without prepayment of the fee. For this reason, the Court recommends that this action be dismissed.

## II.

## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for Plaintiff's failure to pay the filing fee or submit an application to proceed in forma pauperis in compliance with the Court's February 5, 2018 order.

This findings and recommendations is submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 15, 2018**

UNITED STATES MAGISTRATE JUDGE