# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>    Plaintiff,<br><br>v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00172-LJO-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Debra Berry is appearing pro se and in forma pauperis in this civil rights action. Currently before the Court is Plaintiff's complaint, filed on January 29, 2018. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Nothwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis

1

complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability .

2

. . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class of other citizens using the public library based upon Modesto College Library having a policy that breaches confidentiality and privacy. Plaintiff names Yosemite Community College District ("YCCD"), Kellie M. Murphy ("Murphy"), Craig A. Tomlins ("Tomlins"), and Johnson Schacter & Lewis ("the law firm") as defendants.

Plaintiff alleges that Murphy and Tomlins are attorneys representing YCCD in another action in this court where she is the plaintiff, 1:16-cv-00411-LJO-MJS ("Plaintiff's other action"). Plaintiff contends that during the meet and confer process for the joint status report in Plaintiff's other action, Defendants illegally breached her privacy and confidentiality by going into the computer at Modesto Junior College ("MJC")[1] Public Library without a court order and obtaining Plaintiff's personal information and disclosing it. Plaintiff contends this was done without her permission or a court order.

Plaintiff contends that Murphy and Tomlins violated her privacy rights to confidential information by revealing in the joint status report her personal grades when she was enrolled as a student, "when she let certain classes go," that she is married to an incarcerated life prisoner, and that she prepared a support letter for her husband's Board of Hearings that was stored on the YCCD Library computer. She alleges that the law firm is a professional law corporation that employs Murphy and Tomlins and authorized Murphy and Tomlins to breach Plaintiff's privacy

---

[1] Modesto Junior College is a part of Yosemite Community College District. See http://www.mjc.edu/general/about mjc.php (last visited April 16, 2018).

3

without a warrant to obtain private and confidential information that was contained on a computer at MJC Public Library.

Plaintiff seeks compensatory damages, punitive damages, declaratory relief, an injunction, attorneys' fees and costs, and other appropriate relief.

## III.

## DISCUSSION

### A. Class Action

Plaintiff states that she is bringing this action on behalf of a class of other citizens. However, pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of other detainees. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' ").

Additionally, Federal Rule of Civil Procedure 23 requires that a party representing a class must be able to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a). The ability to protect the interests of the class depends on the quality of counsel representing the class members. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). The competence of a layman in representing himself is too limited to allow him to risk the rights of others, therefore, an inmate proceeding without the assistance of counsel cannot represent other inmates in a class action. Oxendine, 509 F.2d at 1407. "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Plaintiff cannot prosecute this action on behalf of others. Therefore, the remainder of this order only addresses Plaintiff's claims on her own behalf.

### B. Liability Under Section 1983

To establish liability under section 1983, a plaintiff is required to show "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." There is no respondeat superior

liability under section 1983. <u>Chudacoff v. Univ. Med. Ctr. of S. Nevada</u>, 649 F.3d 1143, 1151 (9th Cir. 2011). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. <u>Iqbal</u>, 556 U.S. at 677; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim against a defendant, the plaintiff must plead that the official has violated the Constitution through his own individual actions. <u>Iqbal</u>, 556 U.S. at 676; <u>OSU Student Alliance v. Ray</u>, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff cannot pursue a Section 1983 claim against YCCD because it is barred by the Eleventh Amendment. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities," <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." <u>Brown v. California Dep't of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009). The Ninth Circuit has held that community college districts in California are state entities that possess Eleventh Amendment immunity from 1983 claims in damages and for injunctive relief. <u>See</u> <u>Mitchell v. Los Angeles Cmty. Coll. Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988).

Next, the Court discusses Plaintiff's ability to bring section 1983 claims against Murphy and Tomlins. A plaintiff cannot sue "a lawyer in private practice who was not acting under color of state law." <u>Simmons v. Sacramento Cty. Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003). The Court employs a two-step test to determine whether the actions by a private actor are fairly attributable to the state. <u>See</u> <u>Florer v. Congregation Pidyon Shevuyim, N.A.</u>, 639 F.3d 916, 922 (9th Cir. 2011). "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the

State is responsible." Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." Id. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, 566 U.S. 377, 383 (2012) (citing Lugar, 457 U.S. at 937).

Plaintiff alleges that Tomlins and Murphy were acting under color of state law when performing their roles as counsel to YCCD in the other case. To the extent Tomlins and Murphy are state actors and Plaintiff is suing them in their official capacity, such a suit is against YCCD, which in turn is an entity of the state. Therefore, the claims against Tomlins and Murphy in their official capacity for monetary damages are barred by the Eleventh Amendment. However, to the extent Tomlins and Murphy are state actors and claims are brought against them in their official capacity and seek prospective injunctive relief, the claims are not barred by the Eleventh Amendment. To the extent Tomlins and Murphy are state actors, they may be sued under section 1983 in their individual capacity for monetary damages.

Liberally construing Plaintiff's complaint, she may be alleging that Defendants Tomlins and Murphy violated Plaintiff's rights by conspiring with an employee at YCCD. However, Plaintiff must identify evidence that an "agreement" or "meeting of the minds" to violate Plaintiff's constitutional rights occurred in order to impose state actor status on a private actor for § 1983 liability. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989). If Plaintiff is unsure of the identity of employees of YCCD who she alleges violated her rights, she may identify them as Doe defendants in an amended complaint. If Plaintiff cannot identify the defendants by name, she must number the Doe Defendants in the complaint, e.g., "John/Jane Doe 1," John/Jane Doe 2," and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear.

The law firm that Tomlins and Murphy work for is an entity. As stated above, there is no section 1983 respondeat superior liability. See Chudacoff, 649 F.3d at 1151; Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978). Under Monell, 436 U.S. 658, "a

municipality cannot be held liable under § 1983 *solely* because it employs a tortfeasor . . . in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-976 (8th Cir. 1993) (citing Monell, 436 U.S. at 690); see also Thaut v. Hsieh, 2016 WL 3058235, at *21 (E.D. Cal. May 31, 2016); King v. Ashley, 20145 WL 3689582, at * 3 (E.D. Cal. July 23, 2014). An entity can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. See Monell, 436 at 694. Therefore, the law firm cannot be held liable under section 1983 based solely on the fact that it employed Tomlins and Murphy. Even if the law firm was acting under color of state law, Plaintiff has not alleged sufficient facts to support her constitutional claims that her rights were violated pursuant to a policy or custom promulgated or endorsed by the law firm.

### C. Disclosure of Private Information

Plaintiff also alleges that her privacy rights were violated because in the joint scheduling report in her other case, Defendants stated her grades, "when she let certain classes go," when she used the MJC Library as a former student and citizen, her marriage to an incarcerated life prisoner, and that she was preparing a support letter for his upcoming Board of Hearings. In the fact section of the joint scheduling report in Plaintiff's other action, Defendants Murphy and Tomlins revealed Plaintiff's grades during the summer 2014 semester and fall 2014 semester and the fact that Plaintiff was not a student enrolled in any classes in the Fall 2015 semester. (ECF No. 1 at 12:16-24.) The joint scheduling report also states, "Plaintiff was known by the student worker to enter the computer lab to type and print letters to people about her husband's parole hearing." (ECF No. 1 at 15:5-7.)

However, Tomlins and Murphy have immunity for their actions in the other case that are "intimately associated with the judicial phases" of the other case. See Fry v. Melaragno, 939 F.2d 832, 838 (9th Cir. 1991). Plaintiff's allegations against Tomlins and Murphy involve the joint scheduling report in the other case, which is an action "intimately associated with the judicial phases" of civil litigation. See Fry, 939 F.2d at 838. Therefore, Plaintiff cannot bring

1 claims against Tomlins and Murphy involving information included in the joint scheduling report
2 in the other case.

### D. Fourth Amendment

Plaintiff alleges that her right to privacy under the Fourth Amendment was violated because Defendants searched a computer that she used at the MJC Library.

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . .' " Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but unreasonable searches and seizures. Terry, 392 U.S. at 9. The Fourth Amendment applies to conduct by government actors and is not limited to law enforcement officers. See New Jersey v. T.L.O., 469 U.S. 325, 334-35 (1985); O'Connor v. Ortega, 480 U.S. 709, 714 (1987). A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. United States v. Jacobsen, 466 U.S. 109, 113 (1984).

This expectation is established where the claimant can show: (1) a subjective expectation of privacy; and (2) an objectively reasonable expectation of privacy. Smith v. Maryland, 442 U.S. 735, 740 (1979) (citing Katz v. United States, 389 U.S. 347, 351, 361 (1967)); United States v. Shryock, 342 F.3d 948, 978 (9th Cir. 2003). In Katz, the Court held government agents' use of a listening device on a telephone booth constituted a search in violation of the Fourth Amendment because the defendant had a reasonable expectation of privacy in his telephone conversation. Katz, 389 U.S. at 351. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection ... [b]ut what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." Id. at 351.

The Ninth Circuit has noted the difficult questions presented under the Fourth Amendment when computer searches are at issue. See United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1108 (9th Cir. 2008) (quoting United States v. Adjani, 452 F.3d 1140, 1152 (9th Cir. 2006)). "Computers are simultaneously file cabinets (with millions of files) and locked desk drawers; they can be repositories of innocent and deeply personal information,

but also of evidence of crimes. The former must be protected, the latter discovered. As society grows ever more reliant on computers as a means of storing data and communicating, courts will be called upon to analyze novel legal issues and develop new rules within our well established Fourth Amendment jurisprudence." Adjani, 452 F.3d at 1152 (footnote omitted).

Here, Plaintiff asserts that Defendants violated her privacy rights by searching the computer at MJC library. Plaintiff does not indicate that the computer was her own computer. She indicates that it was a computer at the MJC library, belonging to MJC. Plaintiff admits that the MJC library is not a public library, but she contends that non-students are welcome to visit the library, use the standup computers to search the catalog, and view archives of yearbooks and newspapers. However, she alleges that databases and computers are reserved for enrolled students. She contends that Defendants performed a warrantless and unreasonable search of the computer that she used at the MJC library and revealed the confidential and private information in the joint status report. Plaintiff asserts that she expected privacy when using the MJC library.

While Plaintiff has asserted that she expected privacy when using the MJC library and that Defendants performed a warrantless and unreasonable search of the computer she used at the MJC library, she does not provide further factual allegations. The Court is unable to infer whether the alleged misconduct occurred. Therefore, Plaintiff has not sufficiently alleged that Tomlins and Murphy violated her Fourth Amendment rights.

### E. Library Bill of Rights

Plaintiff contends that Defendants violated Article III of the Code of Ethics of the Library Bill of Rights because they did not take the necessary legal steps before breaching her confidential library records and reporting them in the joint status report. However, the Code of Ethics of the Library Bill of Rights is not a federal statute, but is promulgated by the American Library Association. The Library Bill of Rights is an unambiguous statement of principles that should govern the service of all libraries. While the documents represent the polices of the American Library Association, there is nothing to indicate that there would be a private cause of action based upon a violation. See Interpretations of the Library Bill of Rights available at http://www.ala.org/advocacy/intfreedom/librarybill/interpretations (last visited April 16, 2018).

## III.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **April 17, 2018**

UNITED STATES MAGISTRATE JUDGE

10