# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00172-LJO-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 11)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Debra Berry is appearing pro se and in forma pauperis in this civil rights action. On April 17, 2018, the Court screened Plaintiff's complaint and she was granted leave to file an amended complaint. (ECF No. 10.) Currently before the Court is Plaintiff's first amended complaint, filed on May 17, 2018. (ECF No. 11.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);

1 Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff brings this action against Kellie M. Murphy ("Murphy"), Craig A. Tomlins ("Tomlins"), two John Does, and two Jane Does for conspiring to violate her right to privacy in

1 using a computer at Modesto Junior College ("MJC")[1] library.

2 Plaintiff alleges that Murphy and Tomlins are attorneys representing Yosemite Community College District ("YCCD") in another action in this court where she is the plaintiff, 1:16-cv-00411-LJO-EPG ("Plaintiff's other action"). Plaintiff contends that during the meet and confer process for the joint status report in Plaintiff's other action, Murphy and Tomlins conspired with two employees of YCCD, Defendants John Doe 1 and John Doe 2, to access a computer that Plaintiff used in the MJC library. Tomlins, Murphy, John Doe 1, and John Doe 2 had another meeting of the minds with Jane Doe 1 and Jane Doe 2, who are MJC library employees. John Doe 1 and John Doe 2 authorized Jane Doe 1 and Jane Doe 2 to open the MJC library computer Plaintiff was using and allow Tomlins and Murphy to review Plaintiff's personal and confidential information without a warrant or court order.

Plaintiff contends that Murphy and Tomlins revealed in the joint status report her personal grades when she was enrolled as a student, "when she let certain classes go," that she is married to an incarcerated life prisoner, that she prepared a support letter for her husband's Board of Parole hearing that was stored on the MJC library computer, and the times when she used the MJC library. She alleges that her parents do not even know that she has been married to a life prisoner.

Plaintiff seeks compensatory damages, punitive damages, declaratory relief, an injunction, attorneys' fees and costs, and other appropriate relief.

**III.**

**DISCUSSION**

**A.   Liability Under Section 1983**

To establish liability under section 1983, a plaintiff is required to show "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." There is no respondeat superior liability under section 1983. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1151

---

[1] Modesto Junior College is a part of Yosemite Community College District. See http://www.mjc.edu/general/about mjc.php (last visited June 5, 2018).

(9th Cir. 2011). To state a claim under section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim against a defendant, the plaintiff must plead that the official has violated the Constitution through his or her own individual actions. Iqbal, 556 U.S. at 676; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant, including Doe Defendants, with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Next, the Court discusses Plaintiff's ability to bring section 1983 claims against Murphy and Tomlins. A plaintiff cannot sue "a lawyer in private practice who was not acting under color of state law." Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). The Court employs a two-step test to determine whether the actions by a private actor are fairly attributable to the state. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." Id. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, 566 U.S. 377, 383 (2012) (citing Lugar, 457 U.S. at 937).

Plaintiff alleges that Tomlins and Murphy were acting under color of state law when participating in a conspiracy with the Doe Defendants, who are employees of YCCD and MJC library. The Court discusses below whether Plaintiff sufficiently states a conspiracy claim.

Plaintiff cannot pursue a Section 1983 claim against YCCD because it is barred by the Eleventh Amendment. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities," Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to

4

claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009). The Ninth Circuit has held that community college districts in California are state entities that possess Eleventh Amendment immunity from 1983 claims in damages and for injunctive relief. See Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988).

To the extent Tomlins and Murphy are state actors and Plaintiff is suing them in their official capacity, such a suit is against YCCD, which in turn is an entity of the state. Further, any claims against Doe Defendants, who are employees of YCCD and MJC library, in their official capacity are claims against YCCD. Therefore, the claims against Tomlins, Murphy, and the Doe Defendants in their official capacity for monetary damages are barred by the Eleventh Amendment. However, to the extent Tomlins and Murphy are state actors and claims are brought against them in their official capacity seeking prospective injunctive relief, the claims are not barred by the Eleventh Amendment. Further, claims against the Doe Defendants in their official capacity that seek prospective injunctive relief are not barred by the Eleventh Amendment.

**B. Fourth Amendment**

Plaintiff alleges that her right to privacy under the Fourth Amendment was violated because Defendants conspired to search a computer that she used at the MJC library.

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . .' " Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but unreasonable searches and seizures. Terry, 392 U.S. at 9. The Fourth Amendment applies to conduct by government actors and is not limited to law enforcement officers. See New Jersey v. T.L.O., 469 U.S. 325, 334-35 (1985); O'Connor v. Ortega, 480 U.S. 709, 714 (1987). A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. United States v. Jacobsen, 466 U.S. 109, 113 (1984).

This expectation is established where the claimant can show: (1) a subjective expectation

of privacy; and (2) an objectively reasonable expectation of privacy. Smith v. Maryland, 442 U.S. 735, 740 (1979) (citing Katz v. United States, 389 U.S. 347, 351, 361 (1967)); United States v. Shryock, 342 F.3d 948, 978 (9th Cir. 2003). In Katz, the Court held government agents' use of a listening device on a telephone booth constituted a search in violation of the Fourth Amendment because the defendant had a reasonable expectation of privacy in his telephone conversation. Katz, 389 U.S. at 351. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection ... [b]ut what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." Id. at 351.

The Ninth Circuit has noted the difficult questions presented under the Fourth Amendment when computer searches are at issue. See United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1108 (9th Cir. 2008) (quoting United States v. Adjani, 452 F.3d 1140, 1152 (9th Cir. 2006)). "Computers are simultaneously file cabinets (with millions of files) and locked desk drawers; they can be repositories of innocent and deeply personal information, but also of evidence of crimes. The former must be protected, the latter discovered. As society grows ever more reliant on computers as a means of storing data and communicating, courts will be called upon to analyze novel legal issues and develop new rules within our well established Fourth Amendment jurisprudence." Adjani, 452 F.3d at 1152 (footnote omitted).

Here, Plaintiff contends that Defendants performed a warrantless and unreasonable search of the computer that she used at the MJC library violating her right to keep her marriage and the support letter she wrote for her husband's upcoming Board of Parole hearing private. She alleges that Tomlins and Murphy met with John Doe 1 and John Doe 2 to request permission to search the computer that Plaintiff used at the MJC library and the four had a meeting of the minds. She also alleges that Tomlins, Murphy, John Doe 1, and John Doe 2 had another meeting of the minds with Jane Doe 1 and Jane Doe 2, who are MJC library employees at YCCD. John Doe 1 and John Doe 2 authorized Jane Doe 1 and Jane Doe 2 to open the computer Plaintiff used at MJC library without a warrant or court order and allow Tomlins and Murphy to review Plaintiff's personal and confidential information regarding her marriage and a support letter she

wrote for her husband's upcoming Board of Parole hearing.

A plaintiff must identify evidence that an "agreement" or "meeting of the minds" to violate a plaintiff's constitutional rights occurred in order to impose state actor status on a private actor for § 1983 liability. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989). In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am., 865 F.2d at 1541).

As Plaintiff was advised in the screening order, she must allege specific acts attributed to each of the Doe Defendants so that their role in the alleged violations is clear. Although Plaintiff pleads general allegations of a conspiracy and a meeting of the minds, she pleads no specific facts to support the existence of an agreement between Murphy and Tomlins and the Doe Defendants to infringe upon her Fourth Amendment rights.

Plaintiff is relying upon the information in the joint status report to show that Defendants accessed the computer she used at the MJC library. However, regarding her husband and his parole status, the joint status report only states that "Plaintiff was known by the student worker to enter the computer lab to type and print letters about her husband's parole hearing." (ECF No. 11 at 15.) Therefore, the joint status report suggests that the information about Plaintiff typing and printing letters about her husband's parole hearing was learned from a student worker at the computer lab and not from a search of a computer that she used at MJC library.

While Plaintiff asserts that she expected privacy when using the MJC library and that Defendants conspired to perform a warrantless and unreasonable search of the computer she used at the MJC library, she does not provide sufficient factual allegations to support that she had an

expectation of privacy in what she typed on the MJC library computer, a government computer, not her personal computer. She states that the computer belonged to MJC and that the computers were reserved for enrolled students. She admits that she was a former student using an MJC computer, so it is unclear how she used a computer if computers were reserved for enrolled students. She does not indicate how the Board of Parole hearing letters were saved, such as if they were saved to an account that was protected by a password. She also does not state any information about whether the MJC library computers were subject to monitoring by MJC. She does not provide information about the location of the computer that she used, such as whether it was out in the open surrounded by other people or in a private room. Nor does she provide how that information as stored on the computer since it is a government computer available to all enrolled students.

Based on the allegations in the first amended complaint, Plaintiff fails to state a claim that Defendants conspired to violate her Fourth Amendment rights. Plaintiff will be provided one final opportunity to amend.

### C. Disclosure of Private Information

To the extent that Plaintiff is alleging that her privacy rights were violated by Tomlins and Murphy revealing certain information in the joint status report in the other case, she fails to state a claim. In the section of her first amended complaint setting forth the defendants, Plaintiff states that Defendants Tomlins and Murphy violated her privacy rights regarding her grades, "when she let certain classes go," when she used the MJC library as a former student and citizen, her marriage to an incarcerated life prisoner, and that she was preparing a support letter for his upcoming Board of Hearings. In the fact section of the joint scheduling report in Plaintiff's other action, Defendants Murphy and Tomlins revealed Plaintiff's grades during the summer 2014 semester and fall 2014 semester and the fact that Plaintiff was not a student enrolled in any classes in the Fall 2015 semester. (ECF No. 11 at 13.) The joint scheduling report also states, "Plaintiff was known by the student worker to enter the computer lab to type and print letters to people about her husband's parole hearing." (ECF No. 11 at 15.)

However, Tomlins and Murphy have immunity for their actions in the other case that are

1  "intimately associated with the judicial phases" of the other case. See Fry v. Melaragno, 939 F.2d 832, 838 (9th Cir. 1991). Plaintiff's allegations against Tomlins and Murphy regarding disclosing certain information in the joint scheduling report in the other case are actions "intimately associated with the judicial phases" of civil litigation. See Fry, 939 F.2d at 838. Therefore, Plaintiff cannot bring claims against Tomlins and Murphy involving the disclosure of information in the joint scheduling report in the other case.

### D. State Law Claim

Plaintiff states in the caption that she is bringing a claim for confidentiality under the Privacy Act of California Constitution, Article 1, Section 1. However, in the body of the complaint, she does not allege a claim for a violation of her privacy under the California Constitution. Therefore, Plaintiff fails to state a claim for a violation of her privacy rights under the California Constitution.

She must clearly set forth any claims that she wants to bring and state facts in support of those claims. Whether supplemental jurisdiction should be exercised over any state law claims alleged will be considered only if Plaintiff states a federal cause of action conferring jurisdiction on this Court.

### E. Declaratory Relief

Plaintiff seeks a declaratory judgment that her rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

## III.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted **one final** opportunity to amend to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her second amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
3. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **June 6, 2018**

UNITED STATES MAGISTRATE JUDGE