# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,<br><br>  Defendants. | Case No. 1:18-cv-00172-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Debra Berry, appearing pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2018, the Court screened Plaintiff's complaint and she was granted leave to file an amended complaint. (ECF No. 10.) On May 17, 2018, Plaintiff filed a first amended complaint. (ECF No. 11.) Plaintiff's first amended complaint was screened and she was granted leave to file a second amended complaint on June 6, 2018. (ECF No. 12.) On June 28, 2018, Plaintiff filed a second amended complaint. (ECF No. 13.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which

1

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

/ / /

/ / /

## II.

## SECOND AMENDED COMPLAINT ALLEGATIONS

Plaintiff brings this action against Kellie M. Murphy ("Murphy"), Craig A. Tomlins ("Tomlins"), two John Does, and two Jane Does for conspiring to violate her right to privacy in using a computer at Modesto Junior College ("MJC")[1] library.

Plaintiff alleges that Murphy and Tomlins are attorneys representing Yosemite Community College District ("YCCD") in another action in this court where she is the plaintiff, 1:16-cv-00411-LJO-EPG ("Plaintiff's other action"). Plaintiff contends that during the meet and confer process for the joint status report in Plaintiff's other action, Murphy and Tomlins conspired with two employees of YCCD, Defendants John Doe 1 and John Doe 2, to access a computer that Plaintiff used in the MJC library. Tomlins, Murphy, John Doe 1, and John Doe 2 had another meeting of the minds with Jane Doe 1 and Jane Doe 2, who are MJC library employees. John Doe 1 and John Doe 2 authorized Jane Doe 1 and Jane Doe 2 to open the MJC library computer Plaintiff was using and allow Tomlins and Murphy to review Plaintiff's personal and confidential information without a warrant or court order. Plaintiff alleges that the information was saved in her account that she accessed using her Student W-number and a password that only Plaintiff knew.

Plaintiff contends that Defendants conspired to reveal in the joint status report her personal grades when she was enrolled as a student, "when she let certain classes go," that she is married to an incarcerated life prisoner, that she prepared a support letter for her husband's Board of Parole hearing that was stored on the MJC library computer, and the times when she used the MJC library. She alleges that her parents do not even know that she has been married to a life prisoner.

Plaintiff seeks compensatory damages, punitive damages, declaratory relief, an injunction, and attorneys' fees and costs.

/ / /

---

[1] Modesto Junior College is a part of Yosemite Community College District. See http://www.mjc.edu/general/about mjc.php (last visited August 16, 2018).

# III.

# DISCUSSION

### A. Liability Under Section 1983

To establish liability under section 1983, a plaintiff is required to show "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." There is no respondeat superior liability under section 1983. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1151 (9th Cir. 2011). To state a claim under section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim against a defendant, the plaintiff must plead that the official has violated the Constitution through his or her own individual actions. Iqbal, 556 U.S. at 676; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant, including Doe Defendants, with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### B. Conspiracy to Search Computer

Plaintiff alleges that her right to privacy under the Fourth Amendment was violated because Tomlins and Murphy conspired with employees of YCCD and the MJC library, who are state actors, to search a MJC library computer that she used. Tomlins and Murphy are private attorneys who were hired by YCCD, a government entity, to represent it in Plaintiff's other action. To the extent that Tomlins and Murphy in their roles as attorneys for YCCD are private actors, plaintiff must identify evidence that an "agreement" or "meeting of the minds" to violate a plaintiff's constitutional rights occurred in order to impose state actor status on a private actor for § 1983 liability. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989). To the extent that Tomlins and Murphy in their roles as attorneys for YCCD are government attorneys and state actors, Plaintiff must still sufficiently plead her claims. Here, she is alleging that Tomlins and Murphy conspired with employees of YCCD and MJC library.

4

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am., 865 F.2d at 1541)).

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . .' " Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but unreasonable searches and seizures. Terry, 392 U.S. at 9. The Fourth Amendment applies to conduct by government actors and is not limited to law enforcement officers. See New Jersey v. T.L.O., 469 U.S. 325, 334-35 (1985); O'Connor v. Ortega, 480 U.S. 709, 714 (1987). A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. United States v. Jacobsen, 466 U.S. 109, 113 (1984).

This expectation is established where the claimant can show: (1) a subjective expectation of privacy; and (2) an objectively reasonable expectation of privacy. Smith v. Maryland, 442 U.S. 735, 740 (1979) (citing Katz v. United States, 389 U.S. 347, 351, 361 (1967)); United States v. Shryock, 342 F.3d 948, 978 (9th Cir. 2003). In Katz, the Court held government agents' use of a listening device on a telephone booth constituted a search in violation of the Fourth Amendment because the defendant had a reasonable expectation of privacy in his telephone conversation. Katz, 389 U.S. at 351. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection ... [b]ut what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." Id. at 351.

The Ninth Circuit has noted the difficult questions presented under the Fourth

Amendment when computer searches are at issue. See United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1108 (9th Cir. 2008) (quoting United States v. Adjani, 452 F.3d 1140, 1152 (9th Cir. 2006)). "Computers are simultaneously file cabinets (with millions of files) and locked desk drawers; they can be repositories of innocent and deeply personal information, but also of evidence of crimes. The former must be protected, the latter discovered. As society grows ever more reliant on computers as a means of storing data and communicating, courts will be called upon to analyze novel legal issues and develop new rules within our well established Fourth Amendment jurisprudence." Adjani, 452 F.3d at 1152 (footnote omitted).

Plaintiff asserts that she expected privacy when using the MJC library and that Defendants conspired to perform a warrantless and unreasonable search of the computer she used at the MJC library. She alleges that this violated her right to keep her marriage and the support letter she wrote for her husband's upcoming Board of Parole hearing private. She states that the computer belonged to MJC and that the computers were reserved for enrolled students. She admits that she was a former student using an MJC computer, but she says she was able to access the computer through her Student W-number and password.

She alleges that Tomlins and Murphy met with John Doe 1 and John Doe 2 to request permission to search the computer that Plaintiff used at the MJC library and the four had a meeting of the minds. She also alleges that Tomlins, Murphy, John Doe 1, and John Doe 2 had another meeting of the minds with Jane Doe 1 and Jane Doe 2, who are MJC library employees at YCCD. John Doe 1 and John Doe 2 authorized Jane Doe 1 and Jane Doe 2 to open the computer Plaintiff used at MJC library without a warrant or court order and allowed Tomlins and Murphy to review Plaintiff's personal and confidential information regarding her marriage and a support letter she wrote for her husband's upcoming Board of Parole hearing.

Plaintiff is relying upon the information in the joint status report to show that Defendants accessed the computer she used at the MJC library. However, regarding her husband and his parole status, the joint status report only states that "Plaintiff was known by the student worker to enter the computer lab to type and print letters about her husband's parole hearing." (ECF No. 11 at 15.) Therefore, the joint status report suggests that the information about Plaintiff typing

1 and printing letters about her husband's parole hearing was learned from a student worker at the
2 computer lab and not from a search of a computer that she used at MJC library.

3 Although Plaintiff pleads general allegations of a conspiracy and a meeting of the minds,
4 she pleads no specific facts to support the existence of an agreement between Murphy, Tomlins,
5 and the Doe Defendants to infringe upon her Fourth Amendment rights by searching the MJC
6 library computer. Based on the allegations in the second amended complaint, the Court is unable
7 to infer whether the alleged misconduct occurred. Therefore, the Court finds that Plaintiff has
8 not sufficiently alleged that Defendants conspired to violate her Fourth Amendment rights by
9 searching a computer at MJC library.

### C. Conspiracy to Disclose Private Information

To the extent that Plaintiff is alleging that her privacy rights were violated because Defendants conspired to reveal her private information in the joint status report in the other case, she fails to state a claim.

Courts have held that there are some privacy rights that are within those fundamental rights that are protected by the Due Process Clause of the Fourteenth Amendment, Planned Parenthood of Se. Pennsylvania v. Casey, 505 U.S. 833, 847 (1992). "In two cases decided more than 30 years ago, [the Supreme Court] referred broadly to a constitutional privacy 'interest in avoiding disclosure of personal matters.' " Nat'l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (quoting Whalen v. Roe, 429 U.S. 589, 599–600 (1977); Nixon v. Administrator of General Services, 433 U.S. 425, 457 (1977)). The Court recognized that there are two kinds of privacy interests: 1) an individual's interest in avoiding disclosure of personal matters; and 2) an individual's interest in making certain kinds of important decisions. Whalen, 429 U.S. at 599. In Nelson, the Supreme Court assumed without deciding that there was a constitutional right to informational privacy. Nelson, 562 U.S. at 138.

The Ninth Circuit has recognized a constitutional protected privacy interest in avoiding disclosure of personal matters which encompasses medical records, although the Supreme Court has never so held. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998); Seaton v. Mayberg, 610 F.3d 530, 537 (9th Cir. 2010). "Some courts have held that

7

where the government releases information, it must be of a highly personal nature before constitutional privacy rights will attach." Arakawa v. Sakata, 133 F. Supp. 2d 1223, 1228 (D. Haw. 2001).

The Supreme Court made it clear that certain types of disclosures or publications do not rise to the level of constitutional protection and must be addressed exclusively under state law. Paul v. Davis, 424 U.S. 693, 713 (1976). The right of privacy cases limit the privacy rights of individuals under the substantive due process clause to those rights that are "fundamental" or "implicit in the concept of ordered liberty." Paul, 424 U.S. at 713.

Here, in the section of her second amended complaint setting forth the defendants, Plaintiff states that Defendants conspired to reveal Plaintiff's private information regarding her grades, "when she let certain classes go," when she used the MJC library as a former student, the fact that she is married to an incarcerated life prisoner, and that she was preparing a support letter for his upcoming Board of Hearings. She alleges that Defendants conspired to reveal this information in the joint scheduling report in Plaintiff's other action. Plaintiff's grades during the summer 2014 semester and fall 2014 semester and the fact that Plaintiff was not a student enrolled in any classes in the Fall 2015 semester are statements in the fact section of the joint scheduling report in Plaintiff's other action. (ECF No. 11 at 13.) The joint scheduling report also states, "Plaintiff was known by the student worker to enter the computer lab to type and print letters to people about her husband's parole hearing." (ECF No. 11 at 15.) As discussed above, Plaintiff alleges that John Doe 1 and John Doe 2 authorized Jane Doe 1 and Jane Doe 2 to hack into the computer at MJC library and allow Tomlins and Murphy to review Plaintiff's personal information and expose it to the world in the joint scheduling report.

To the extent that any of the information that was disclosed in the scheduling report in the other action is entitled to constitutional protection, Plaintiff's allegations of a conspiracy to disclose her confidential information are conclusory and insufficient to state a claim. Therefore, the Court finds that Plaintiff has not sufficiently alleged a conspiracy to disclose her personal matters in violation of her federal privacy rights.

Further, to the extent that Tomlins and Murphy were acting as government attorneys in

defending YCCD in the other action and state actors, Tomlins and Murphy would have immunity for their actions in the other case that are "intimately associated with the judicial phases" of the other case. See Fry v. Melaragno, 939 F.2d 832, 838 (9th Cir. 1991). Plaintiff's allegations against Tomlins and Murphy regarding disclosing certain information in the joint scheduling report in the other case are actions "intimately associated with the judicial phases" of civil litigation. See Fry, 939 F.2d at 838.

**D. Retaliation**

In her discussion of her Fourth Amendment claim for searching the computer, Plaintiff alleges that she had "an objectively reasonable expectation of privacy while preparing her school work and personal communication as all other students and citizens using the MJCPL without being discriminated against or retaliated against for speaking out against racial discrimination and that Plaintiff's privacy would not be violated without Defendant's first obtaining a search warrant or a Court Order." [sic]. (ECF No. 13 at 7-8.)

Plaintiff made the same allegation in her first amended complaint and she was informed in the order screening the first amended complaint that it was unclear if she was attempting to state a retaliation claim. The Court provided Plaintiff with the standard for a retaliation claim under the First Amendment. The Court told Plaintiff that she must clearly indicate that she is bringing that as a separate claim and set forth the facts to support that claim. However, Plaintiff has not brought a separate retaliation claim and alleged specific facts to support that claim. Therefore, to the extent Plaintiff is bringing a retaliation claim, she fails to state a retaliation claim.

**E. State Law Claim**

Plaintiff brings a claim for confidentiality under the Privacy Act of California Constitution, Article 1, Section 1. As this is a state law claim, it is not sufficient to create federal question jurisdiction and Plaintiff is not alleging diversity jurisdiction.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3). The Court recommends that Plaintiff's state law claims be dismissed without prejudice.

### F. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

In the order granting Plaintiff leave to file a second amended complaint, the Court informed Plaintiff that she would have a final opportunity to correct the deficiencies of her claims. The Court will not grant Plaintiff another opportunity to amend. Therefore, the Court recommends that Plaintiff's second amended complaint be dismissed without leave to amend and the state law claim be dismissed without prejudice.

## IV.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be DISMISSED without leave to amend; and

2. Plaintiff's state law claim be DISMISSED without prejudice.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, Plaintiff may file written objections to this findings and

recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 17, 2018**__

UNITED STATES MAGISTRATE JUDGE